IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GIL A. MILLER, as Receiver for Impact Payment Systems, LLC and Impact Cash, LLC,<br><br>                    Plaintiff,<br>    v.<br>ARTHUR WULF,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No.  1:12-cv-119 DN<br><br>District Judge David Nuffer |

Plaintiff Gil Miller, as Receiver for Impact Payment Systems, LLC and Impact Cash, LLC (collectively "Impact"), filed the Complaint in this case to recover purported fraudulent transfers made by Impact to Defendant Arthur Wulf.[1]  Mr. Wulf responded with a motion to dismiss, arguing that he is not subject to the personal jurisdiction of this court; the Receiver's claim is barred by the statute of limitations; and the allegations in the Complaint are factually incorrect.[2]  Mr. Wulf has not designated any specific rule of procedure under which his motion is filed.  The court presumes that his arguments concerning personal jurisdiction are made under Fed. R. Civ. P. 12(b)(2), and that his arguments concerning the statute of limitations and incorrect factual allegations fall under Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 4(k)(1)(C) and 28 U.S.C. §§ 754 and 1692, a receivership court typically has nationwide service of process in suits involving receivership property.  This expansive jurisdiction depends on the receiver's compliance with the requirement under § 754 to

---

[1] Complaint, docket no. 2, filed on May 31, 2012.

[2] Defendant's Motion to Dismiss, docket no. 8, filed Jul. 11, 2012; Memorandum in Support of Defendant's Motion to Dismiss, docket no. 9, filed Jul. 11, 2012.

file copies of the receivership complaint and the order of appointment in the district court for each district in which receivership property is located within ten days of the receiver's appointment.[3]  "The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district."[4]  However, this technical deficiency may be remedied by reappointing the receiver, which restarts the ten-day period for the receiver's compliance with § 754.[5]

In this case, the Receiver admittedly did not file a § 754 notice in Illinois (where the property that is the subject of this case is located) within ten days after his appointment because he was not yet aware of any receivership property located there.  As a result, § 754 and § 1692 do not yet provide a basis for exercising personal jurisdiction over Mr. Wulf.  To cure this deficiency, the court will reappoint the Receiver, which will allow the Receiver to timely file a § 754 notice in the appropriate district court(s) and then to properly serve Mr. Wulf with the Complaint in this case.

Mr. Wulf's other grounds for dismissal have no merit.  Wulf argues that this case is barred by an uncited one-year statute of limitations.  However, the Receiver's fraudulent transfer claim is subject to a four-year limitations period under the Utah Uniform Fraudulent Transfer Act.[6]  Mr. Wulf has not provided any argument that the Receiver's fraudulent transfer claim arose before May 31, 2008 — which is four years before the Complaint in this case was filed.  Accordingly, the court will not dismiss the Complaint on limitations grounds.

---

[3] 28 U.S.C. § 754; *SEC v. Vision Commc'ns, Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996).

[4] 28 U.S.C. § 754.

[5] *Vision Commc'ns*, 74 F.3d at 291.

[6] Utah Code Ann. § 25-6-10(1)-(2).

Likewise, the court will not dismiss the Complaint because Mr. Wulf disagrees with its allegations.  The court may not weigh evidence or resolve factual disputes on a Rule 12(b)(6) motion.[7]  This is precisely what Mr. Wulf asks the court to do.  Among other things, Mr. Wulf argues that Impact was not a Ponzi scheme and that it was not insolvent.  The court cannot make those factual determinations at the dismissal stage.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (docket no. 8) is DENIED.

IT IS FURTHER ORDERED that the Receiver will submit a proposed order of reappointment within 14 days of the date of this Order.

Dated November 15, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[7] *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).