IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL A. MILLER, as Receiver for IMPACT PAYMENT SYSTEMS LLC, and IMPACT CASH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR S. WULF, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [29] RECEIVER'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:12-cv-119 DN<br><br>District Judge David Nuffer |

On July 17, 2013, the Receiver filed his Motion for Summary Judgment and Memorandum in Support (the "Motion") against defendant Arthur Wulf ("Wulf"). Although Wulf filed a motion to stay and a motion to strike the Receiver's Motion,[1] he did not file a response. On February 28, 2014, Wulf's motion to stay and motion to strike were denied, and Wulf was ordered to file a response to the Receiver's Motion on or before March 20, 2014.[2] To date, Wulf has failed to file any response to the Motion. For the reasons set forth herein, the Receiver's Motion is GRANTED.

### Summary Judgment Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The movant

---

[1] [Docket no. 30](#), filed July 27, 2013; re-filed as an amended motion to stay and motion to strike, docket no. 35, filed August 2, 2013.

[2] Docket text order denying [35] motion to strike; denying [35] motion to stay, docket no. 42.

[3] Fed.R.Civ.P. 56(a).

bears the initial burden of demonstrating an absence of a genuine issue of material fact[4] and must show that summary judgment is appropriate as a matter of law.[5]

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[6] If the non-moving party fails to respond, "all material facts of record meeting the requirements of Fed.R.Civ.P. 56 that are set forth with particularity in the movant's statement of material facts will be deemed admitted."[7] Because Wulf failed to respond to the Receiver's Motion and the statement of material facts, those facts are undisputed and deemed admitted. The material undisputed facts are set forth below.

## Background and Undisputed Facts

Impact Payment Systems, LLC and Impact Cash LLC (collectively "Impact") were related companies operated by John Scott Clark. Impact was operated as a Ponzi scheme since at least 2006.[8] It commingled investor funds through intercompany and inter-account transfers,[9] its financial records were not audited by a reputable accounting firm,[10] and it promised its investors large returns for their investments.[11] Impact used investor funds to cover its expenses[12] and to

---

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).

[6] *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[7] DUCivR 56-1(c).

[8] Motion at 3, ¶ 5, docket no. 29, filed July 17, 2013 (citing Expert Report of Gil A. Miller, dated July 16, 2013 ("Miller Report") at 3, docket no. 29-2, filed July 17, 2013).

[9] *Id*. at 3, ¶ 7, docket no. 29 (citing Expert Report of David Bateman, dated July 16, 2013 ("Bateman Report") at 5-8, docket no. 29-1, filed July 17, 2013).

[10] *Id*. at 4, ¶ 8, docket no. 29 (citing Miller Report at 10-11, docket no. 29-2, filed July 17, 2013).

[11] *Id*. at 6, ¶ 17, docket no. 29 (citing Miller Report at 8, docket no. 29-2, filed July 17, 2013).

[12] *Id*. at 6, ¶ 18, docket no. 29 (citing Miller Report at 10, docket no. 29-2, filed July 17, 2013).

support Mr. Clark's standard of living.[13] During years when it made distributions to its investors, it realized a cumulative net loss of nearly $3 million.[14]

Wulf was an investor in Impact.[15] He invested $60,000 and was paid $94,500, profiting $34,500 from his investment.[16] On March 25, 2011, Impact was placed into receivership.[17] The Receiver commenced this action against Wulf under the Uniform Fraudulent Transfer Act ("UFTA") to recover the $34,500 profit (the "Transfer") that Wulf received from Impact.

## Discussion

Summary judgment in favor of the Receiver is proper for several reasons. First, Wulf failed to respond to the Motion. Second, the Receiver is entitled to judgment as a matter of law because Impact was a Ponzi scheme and Wulf received more than he invested in Impact. Each of these reasons is discussed in greater detail below.

### I. Summary Judgment is Proper Because Wulf Failed to Respond.

The local rules unequivocally state that if a response to a motion for summary judgment is not timely filed, the motion may be granted without further notice.[18] The Receiver filed his Motion on July 17, 2013. Although Wulf filed a motion for stay and motion to strike the Receiver's Motion,[19] he did not file any response to the Motion. On February 28, 2014, over seven months after the Receiver filed his Motion, Wulf was ordered to file a response to the

---

[13] *Id*. at 6, ¶ 19 (citing Miller Report at 10, docket no. 29-2, filed July 17, 2013).

[14] *Id*. at 5, ¶ 13 (citing Bateman Report at 11, docket no. 29-1, filed July 17, 2013).

[15] *Id*. at 2, ¶ 1 (citing Bateman Report at 12, docket no. 29-1, filed July 17, 2013).

[16] *Id*. at 2, ¶ 2 (citing Bateman Report at 12-13, docket no. 29-1, filed July 17, 2013).

[17] *Id*. at 3, ¶ 4 (citing Miller Report at 3, docket no. 29-2, filed July 17, 2013).

[18] DUCivR 56-1(g).

[19] Docket no. 35, filed August 9, 2013.

Motion on or before March 20, 2014.[20] Wulf never filed a response to the Motion. Based upon Wulf's failure to respond to the Motion, the Receiver's Motion is granted.

**II.      The Receiver is Entitled to Judgment as a Matter of Law.**

Beyond the provisions of DUCivR 56-1(g), which justify entry of summary judgment, the merits of the Receiver's Motion also warrant it. Under the UFTA, a transfer may be avoided if the debtor made the transfer with actual intent to defraud a creditor.[21] "Where causes of action are brought under UFTA against Ponzi scheme investors, the general rule is that to the extent innocent investors have received payments in excess of the amounts that they originally invested, those payments are avoidable as fraudulent transfers."[22] The "mere existence of a Ponzi scheme is sufficient to establish actual intent to defraud" under the UFTA.[23]

        A.      <u>Impact was a Ponzi Scheme.</u>

"Courts have routinely applied [the] UFTA to allow receivers…to recover monies lost by Ponzi-scheme investors."[24] The Tenth Circuit has defined a Ponzi scheme as "an investment scheme in which returns to investors are not financed through the success of the underlying business venture, but are taken from principal sums of newly attracted investments."[25] Utah courts define a Ponzi scheme as "a fraudulent investment scheme in which money contributed by

---

[20] Docket text order, docket no. 42.

[21] *See* Utah Code Ann. § 25-6-5(1)(a).

[22] *Donnell v. Kowell*, 533 F.3d 762, 770 (9uth Cir. 2008).

[23] *Id.*; *see also* In re Cohen, 199 B.R. 709, 717 (B.A.P. 9th Cir. 1996) ("Proof of a Ponzi scheme is sufficient to establish the Ponzi operator's actual intent to hinder, delay, or defraud creditors for purposes of actually fraudulent transfers . . ."); Janvey v. Democratic Senatorial Campaign Committee, 712 F. 3d 185, 196 (5th Cir. 2013) ("transfers from a Ponzi scheme are presumptively made with intent to defraud'"); S.E.C. v. Madison Real Estate Group, L.L.C., 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA, a debtor's actual intent to hinder, delay, or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme.")

[24] *Donell*, 533 F.3d at 767.

[25] *In re: M&L Business Machine Co., Inc.*, 84 F.3d 1330, 1332 n. 1 (10th Cir. 1996).

4

later investors generates artificially high dividends for the original investors, whose example attracts even larger investments."[26] Due to these characteristics, Ponzi schemes often collapse.

In a related case,[27] this court twice held that Impact was operated as a Ponzi scheme.[28] For purposes of *this* case, the overwhelming and unrefuted evidence supports the Receiver's assertion that Impact was a Ponzi scheme. Impact commingled funds; it used the allure of large returns to entice investments from new investors; and it was never audited by a reputable financial firm. Brandon Cowley, an accountant employed by Impact, testified that Impact used new investor money to pay old investors.[29] Byron Smith, a lawyer and certified public accountant, testified that when Impact's operating account was low, investor money was used to cover expenses.[30] Wulf failed to dispute any of this evidence which shows that Impact was a Ponzi scheme.

      B.     <u>Impact Did Not Receiver Reasonably Equivalent Value for the Transfer.</u>

Because it is undisputed that Impact was operated as a Ponzi scheme, that the Transfer was made with actual intent to defraud, and that Wulf received the Transfer, which was $34,500 more than he invested in Impact, the only remaining issue is whether Wulf can raise issues of fact related to the affirmative defense set forth in Utah Code Ann. § 25-6-9. To successfully defend against the Receiver's claims, Wulf must prove that he received the Transfer in good faith and for reasonably equivalent value.

---

[26] *State v. Bolson*, 2007 UT App 268, ¶ 4, 167 P.3d 539 (citing Black's Law Dictionary 1180 (7th ed.1999)).

[27] *SEC v. Clark*, Case No. 1:11-cv-46, filed March 25, 2011.

[28] Order on Receiver's Motion to Approve Plan of Distribution at 4, ¶ 4, docket no. 184, entered May 11, 2012 in *SEC v. SEC v. Clark*, Case No. 1:11-cv-46; Order at 2, docket no. 360, entered April 10, 2013 in *SEC v. Clark*, Case No. 1:11-cv-46.

[29] Motion at 5, ¶ 16, docket no. 29 (citing Deposition of Brandon Cowley at 24:18, dated May 24, 2011, docket no. 29-5, filed July 17, 2013).

[30] *Id.* at 7, docket no. 29 (citing Deposition of Byron Smith at 52:24, dated August 25, 2011, docket no. 29-6, filed July 17, 2013).

Wulf has failed to prove that he received the Transfer in good faith and that Impact received reasonably equivalent value for the Transfer. Although Wulf asserted a number of affirmative defenses related to good faith and reasonably equivalent value,[31] he has not raised any facts related to those defenses. Due to Wulf's failure to effectively oppose the motion, summary judgment in favor the Receiver is proper.

In his Answer,[32] Wulf contended (among other things) that because he was a stockholder in Impact, as opposed to an investor, the Receiver cannot pursue him under the UFTA. In his motion to stay and motion to strike[33] he cursorily responded to cases cited in the Receiver's Motion. Construing this cursory discussion as a response by Wulf to the legal issues, summary judgment in favor of the Receiver is nevertheless proper for two reasons. First, Wulf never developed this argument in response to the Receiver's Motion. Second, even if he had developed this argument, it fails as a matter of law. As the Eleventh Circuit held, "no court has distinguished between equity investments and debt-based claims when applying the general rule to fraudulent transfer actions arising out of a Ponzi scheme."[34] That Wulf was a claimed shareholder in Impact as opposed to an investor in the payday loan business is a distinction without a difference. Given the foregoing analysis, any of Wulf's allegations against the Receiver under Rule 11[35] are without merit.

## ORDER

Based upon the foregoing,

---

[31] Defendant's Answer and Affirmative Defense [sic], docket no. 24, filed January 11, 2013.

[32] *Id.*

[33] Wulf's Motion for Stay, and Motion to Strike Receiver's Motion for Summary Judgment, docket no. 35, filed August 2, 2013.

[34] *Perkins v. Haines*, 661 F.3d 623, 628 (11th Cir. 2011).

[35] Fed.R.Civ.P. 11.

IT IS HEREBY ORDERED that the Receiver's Motion for Summary Judgment and Memorandum in Support[36] is GRANTED.

IT IS FURTHER ORDERED that the Receiver shall submit a proposed judgment against Arthur S. Wulf in the amount of $34,500, together with prejudgment interest at the appropriate rate through the date of this order, and post judgment interest accruing at the statutory rate.

Signed March 31, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[36] Docket no. 29, filed July 17, 2013.