IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL A. MILLER, as Receiver for IMPACT PAYMENT SYSTEMS LLC, and IMPACT CASH, LLC,<br><br>                Plaintiff,<br>v.<br><br>ARTHUR S. WULF, an individual,<br><br>                Defendant. | **ORDER DIRECTING PREPARATION OF AN ORDER GRANTING [29] RECEIVER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:12-cv-119 DN<br><br>District Judge David Nuffer |

On July 17, 2013, the Receiver filed his motion[1] for summary judgment and memorandum in support (the "Receiver's Motion") against defendant Arthur Wulf ("Wulf"). Although Wulf filed a motion to stay and a motion to strike the Receiver's Motion,[2] he did not file a response. On February 28, 2014, Wulf's motion to stay and motion to strike were denied, and Wulf was ordered to file a response to the Receiver's Motion on or before March 20, 2014.[3] Wulf did not file a response by the March 20, 2014 deadline. Accordingly, the Receiver's Motion was granted.[4] Wulf, on April 7, 2014, filed a motion[5] to vacate the order on motion for summary judgment, arguing that he was out of the country and did not have sufficient opportunity to respond to the Receiver's Motion. Wulf's motion to vacate was granted on May 13, 2014, and Wulf was given the opportunity to file his response to the Receiver's Motion on or

---

[1] Receiver's Motion for Summary Judgment and Memorandum in Support, docket no. 29, filed July 17, 2013.

[2] Docket no. 30, filed July 27, 2013; re-filed as an amended motion to stay and motion to strike, docket no. 35, filed August 2, 2013.

[3] Docket text order denying [35] motion to strike; denying [35] motion to stay, docket no. 42.

[4] Memorandum Decision and order Granting [29] Receiver's Motion for Summary Judgment and Memorandum in Support, docket no. 43, filed March 31, 2014.

[5] Defendant's Motion to Vacate Court's Order and for Relief under FRCP 60, docket no. 44, filed April 7, 2014.

before May 30, 2014.[6] Wulf filed his response on May 29, 2014, and the Receiver filed a reply to Wulf's response on June 10, 2014.[7]

Wulf, on June 10, 2014, filed a separate motion[8] for summary judgment and memorandum in support ("Wulf's Motion"). A memorandum in opposition[9] to Wulf's Motion was filed by the Receiver on June 23, 2014. Wulf did not file a reply. Wulf's Motion raises the same or similar arguments as in his response to the Receiver's Motion. After full consideration of all the relevant papers, the Receiver's Motion will be granted, and Wulf's Motion will be denied as moot.

As an initial matter, Wulf's response to the Receiver's Motion idoes not comply with the requirements of the Local Civil Rules that state:

> Under each element that a party disputes as having been met, restate each numbered paragraph from the statement of material facts provided in support of that element in the motion. If the fact is undisputed, so state. If a fact is disputed, so state and concisely describe and cite with particularity the evidence on which the non-moving party relies to dispute the fact (without legal argument).[10]

Wulf failed to restate each numbered paragraph from the moving party's statement of material facts, and failed to cite with particularity the evidence on which he relies to dispute the fact. Accordingly, the facts in the Receiver's Motion are deemed admitted. Based on the resulting undisputed facts, and Wulf's failure to raise a genuine issue of material fact, the

---

[6] Docket Text Order granting in part Wulf's [44] Motion to Vacate Court's Order and for Relief under FRCP 60, docket no. 48, filed May 13, 2014.

[7] Defendant's Response to Receiver's Motion for Summary Judgment, and Defendant's Motion for Summary Judgment, Docket no. 49, filed May 29, 2014; Reply in Support of Receiver's Motion for Summary Judgment and Memorandum in Response to Arthur S. Wulf's Motion for Summary Judgment ("Reply in Support"), docket no. 51, June 10, 2014.

[8] Defendant's Motion for Summary Judgment, docket no. 50, filed June 10, 2014.

[9] Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 52, filed June 23, 2014.

[10] DUCivR 56-1(c).

Receiver is entitled to judgment as a matter of law. But even if the above procedural shortcomings were overlooked, Wulf's contentions are unavailing for the reasons set forth the Receiver's Motion, and based upon the authorities therein cited in the Receiver's Motion.

**ORDER**

IT IS HEREBY ORDERED that the Receiver shall prepare a proposed order granting the Receiver's Motion for Summary Judgment[11] and denying Wulf's Motion for Summary Judgment[12], which should outline the undisputed facts and discuss and apply the relevant law. The proposed order should comply with the instructions at http://www.utd.uscourts.gov/judges/nuffer.html. After the order is reviewed by Wulf as to form, the Receiver shall file the proposed order in the CM/ECF system, and email a word processing copy to dj.nuffer@utd.uscourts.gov.

Signed September 1, 2014.

BY THE COURT

District Judge David Nuffer

---

[11] Receiver's Motion for Summary Judgment and Memorandum in Support, docket no. 29, filed July 17, 2013.

[12] Defendant's Motion for Summary Judgment, docket no. 50, filed June 10, 2014.