IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **GIL A. MILLER as Receiver for IMPACT PAYMENT SYSTEMS LLC, and IMPACT CASH LLC,**<br><br>Plantiff,<br><br>vs.<br><br>**ARTHUR S. WULF, an individual,**<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING [57] DEFENDANT'S MOTION FOR RULE 11 SANCTIONS and GRANTING PLANTIFF'S REQUEST FOR REASONABLE EXPENSES INCURRED IN RESPONDING TO THE MOTION FOR SANCTIONS<br><br>Civil No. 1:12-cv-119-DN<br><br>Judge David Nuffer |

Defendant Arthur S. Wulf[1] ("Wulf") demands the removal of inaccurate filings and requests sanctions[2] ("Motion for Sanctions") pursuant to Rule 11 of the Federal Rules of Civil Procedure, against the Receiver Gil Miller ("Receiver") and attorney Robert Wing ("Wing").[3] The Receiver argues that neither he nor Wing have acted inappropriately, and opposes Wulf's Motion for Sanctions.[4] After full consideration of all the relevant papers, and as more fully explained herein, Wulf's Motion for Sanctions is DENIED. And the Receiver is granted his reasonable expenses incurred in this motion.

---

[1] Wulf is an attorney proceeding pro se. While pro se pleadings are generally construed liberally, such is not the case for a pro se litigant who is an attorney. *See Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir.2001).

[2] Demand that Receiver Remove His Inaccurate Filings, and Request for Sanctions Pursuant to Rule 11 of Federal Rules of Civil Procedure ("Motion for Sanctions"), docket no. 57, filed September 3, 2014.

[3] *Id.* at 7.

[4] Response to Mr. Wulf's Demand [57] That The Receiver Remove His Inaccurate Filings, And Request For Sanctions Pursuant To Rule 11 ("Opposition"), docket no. 58, filed September 11, 2014.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 11(b), an attorney or unrepresented party who presents a pleading, written motion, or other paper to the court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[5]

"Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not grounded in fact, are not warranted by existing law or good faith argument for its extension, or are filed for an improper purpose."[6] "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[7]

---

[5] Fed. R. Civ. P. 11(b).

[6] *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1484 (10th Cir. 1989).

[7] *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1155 (10th Cir.1991).

**ANALYSIS**

Wulf argues that the Receiver and Wing "have knowingly and deliberately violated all of the standards and language in Rule 11(b) [in order] to obtain favorable rulings from this Court."[8] Specifically, Wulf raises the following bases for its Rule 11 sanctions request: the Receiver's (a) irresponsible and unprofessional fee expenditure; (b) unwillingness to settle; and (c) knowing and inaccurate description of case holdings. Each of Wulf's contentions is addressed below.

*Irresponsible and Unprofessional Fee Expenditure*

Wulf contends that the Receiver has received "over $60,000 in fees in a matter that is worth $34,500 at most[.]"[9] The expenditure of $60,000 in an attempt to collect $34,000, Wulf argues, is both irresponsible and unprofessional.[10] Wulf also contends that the Receiver, serving in a fiduciary role for the benefit of the claimants in the primary case (*SEC v. Clark*[11]), has breached his fiduciary duty by "expend[ing] twice as much in legal fees as he could ever hope to recover" from Wulf.[12] According to Wulf, the Receiver has "needlessly increase[d] the cost of litigation," a violation of Rule 11(b)(1). Wulf further claims that his several requests for the Receiver to detail the costs and fees that he has incurred in this proceeding have gone unanswered.

Aside from claiming that the Receiver expended $60,000, Wulf identifies two fee expenditures which he argues were filed to needlessly increase the cost of litigation.

---

[8] Motions for Sanctions at 6.

[9] *Id.* at 3

[10] *Id.* at 4.

[11] Case No. 1:11-cv-46-DN (Impact Payment Systems, LLC and Impact Cash, LLC are named defendants).

[12] Motions for Sanctions at 3–4. This is a breach of fiduciary duty claim and is not a proper basis for imposing Rule 11 sanctions.

The first is the Receiver's Opposition[13] to Wulf's motion[14] to vacate the summary judgment memorandum decision and order ("Motion to Vacate"). Wulf claims the Receiver "spent over $4100 to file a worthless petition to oppose, purely for vindictive purposes, and solely to 'cause unnecessary delay' and to put additional unjustified money in [the Receiver's] pocket."[15] The facts, however, support the Receiver's reasonable basis for filing his Opposition. On July 17, 2013, the Receiver filed his motion for summary judgment (the "July 17, 2013 Motion for Summary Judgment").[16] Shortly thereafter, Wulf filed a motion to stay and a motion to strike the Receiver's July 17, 2013 Motion for Summary Judgment.[17] On February 28, 2014, a docket text order was entered denying Wulf's motion to strike and his motion to stay.[18] Wulf was ordered to respond to the Receiver's July 17, 2013 Motion for Summary Judgment on or before March 20, 2014.[19] Wulf failed to respond. A memorandum decision and order granting the Receiver's July 17, 2013 Motion for Summary Judgment was filed on March 31, 2014.[20] On April 7, 2014, Wulf filed his Motion to Vacate. In his Motion to Vacate, Wulf stated that he was out of the country from January 30, 2014 to March 12, 2014.[21]

---

[13] Receiver's Response to Defendant's Motion to Vacate Court's Order and For Relief under FRCP 60, docket no. 45, filed April 17, 2014.

[14] Defendant's Motion to Vacate Court's Order and For Relief under FRCP 60, docket no. 44, filed April 7, 2014.

[15] Motion for Sanctions at 6.

[16] Receiver's Motion for Summary Judgment and Memorandum in Support ("Receiver's Motion"), docket no. 29, filed July 17, 2013.

[17] Docket no. 30, filed July 27, 2013; re-filed as an amended motion to stay and motion to strike, docket no. 35, filed August 2, 2013.

[18] Docket text order denying [35] motion to strike; denying [35] motion to stay, docket no. 42.

[19] *Id.*

[20] Memorandum Decision and Order Granting [29] Receiver's Motion for Summary Judgment and Memorandum in Support, docket no. 43, filed March 31, 2014.

[21] Motion to Vacate at 2, ¶ 3.

The Receiver claims that he filed his Opposition to Wulf's Motion to Vacate because the Receiver's July 17, 2013 Motion for Summary Judgment had been pending for several months, Wulf had a week after returning to the United States to file his response on time, and the Receiver believed that Wulf did not have a meritorious defense to the pending summary judgment motion.[22] The Receiver's above reasons for filing his Opposition to Wulf's Motion to Vacate were reasonable given the circumstances and it was not filed to needlessly increase the cost of litigation.

The second document that Wulf takes issue with is the Receiver's June 10, 2014 "reply[23] to Wulf's response to the Receiver's original motion for summary judgment[.]"[24] Wulf claims that "[t]he Reply added nothing to the record that has been previously filed in this Court, except to 'needlessly increase the costs of litigation.'"[25] A review of the Receiver's June 10, 2014 Reply, however, reveals, among other things, that Wulf had asserted additional facts which the Receiver found the need to contest.[26] Again, given the circumstances, filing the June 10, 2014 Reply was reasonable and was not filed to needlessly increase the cost of litigation. It was filed in response to Wulf's actions.

The Receiver does not dispute that the present lawsuit has been expensive.[27] He contends that it was made so by Wulf's numerous motions and other papers.[28] The Receiver states that "he

---

[22] Opposition at 3–4.

[23] Reply in Support of Receiver's Motion for Summary Judgment and Memorandum in Response to Arthur S. Wulf's Motion for Summary Judgment ("Reply in Support of Receiver's Motion for Summary Judgment"), docket no. 51, filed June 10, 2014.

[24] Motion for Sanctions at 6, ¶ 15.

[25] *Id.*

[26] *See* Reply in Support of Receiver's Motion for Summary Judgment at 4–7.

[27] Opposition at 1.

[28] *Id.*

has applied consistent guidelines when discussing settlement with defendants in 'winner' cases."[29] According to the Receiver:

> Before litigation, he would settle with a defendant for the return of 90% of his winnings. If the defendant lacked the means to return 90% of his winnings, the Receiver would settle for less, if the defendant submitted sufficient financial documentation to justify a reduction. He would also settle for a reduced amount if the defendant provided a sufficient legal or factual reason.[30]

The Receiver states that Wulf has not provided financial information to justify a reduction in the repayment amount.[31] The Receiver points out that Wulf has raised several legal arguments, both in the main *SEC v. Clark* case and this ancillary action, as justification for his desire to repay substantially less than 90% of his winnings.[32] The Receiver contends that he has responded to each of these papers "not to increase the cost of litigation, but because responses were called for by the Rules of Civil Procedure."[33] The Receiver concludes that he did not act out of malice for Wulf, but instead, he applied the same framework to this case that was applied to other 'winner' cases, "in an effort to facilitate reasonable settlement in all the winner cases."[34]

Wulf has failed to show that any of the Receiver's fee expenditures were unreasonable, self-imposed, and avoidable. The gravamen of Wulf's argument is that the expenditure of $60,000 to attempt to collect $34,500 is itself unreasonable and unprofessional, and is subject to sanctions *per se*. Wulf has not provided any legal authority to support his assertion.

After examination of the record, and review of the parties' arguments, it appears that the Receiver's fee expenditures were reasonable under the circumstances. And Wulf has failed to

---

[29] *Id.* at 1–2.

[30] *Id.* at 2.

[31] *See* Motion for Sanctions at 4–5, ¶ 10.

[32] Opposition at 2.

[33] *Id.* at 3.

[34] *Id*.

establish that the Receiver has acted for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[35] Rule 11 sanctions are not appropriate on this issue.

*Unwillingness to Settle*

Wulf contends that on August 24, 2014, he sent a letter to the Receiver seeking to settle this matter, but the Receiver never responded to Wulf's settlement proposal.[36] Wulf further claims that during the early stages of this case, "[w]hen this Court asked the question about the possibility of settlement, or the need for a settlement conference, the Plaintiffs answered that any settlement was impossible, and any conference was unnecessary."[37] Wulf contends that the Receiver's above actions demonstrate that the Receiver "ha[s] no interest in the viability of [his] suit or actions, and refuse[s] to evaluate this case in a professional manner. Everything done in this case has been as a personal vendetta against the Defendant, irrespective of the costs incurred."[38]

The Receiver has termed this case a "winner" case because Wulf received more than he invested. The Receiver contends that he applies "consistent guidelines when discussing settlement with defendants in 'winner' cases.'"[39] According to the Receiver, "[i]f the defendant lacked the means to return 90% of his winnings, the Receiver would settle for less, if the defendant submitted sufficient financial documentation to justify a reduction."[40] Although Wulf has shown his desire to settle the matter, he has not provided the financial information the

---

[35] Fed. R. Civ. P. 11(b)(1).

[36] Motion for Sanctions at 2.

[37] *Id.* at 4.

[38] *Id.*

[39] Opposition at 2.

[40] *Id.*

Receiver requested in order to determine how much to settle for.[41] Wulf has no proof that he took that step.

Wulf's contention concerning the Receiver's unwillingness to settle is a conclusory allegation unsupported by citations to the record. Wulf argues that the Receiver, when ask by the Court about the possibility of settlement, answered that settlement was impossible. Wulf, however, does not cite to the record to support this allegation. Even if such was the case, the Receiver's explanation for not settling with Wulf—the need for Wulf's financial documents—is reasonable, and does not demonstrate a personal vendetta against Wulf.  Accordingly, the Receiver has not violated Rule 11 by refusing to settle.

### *Knowing and Inaccurate Description of Case Holdings*

Wulf reasserts the argument he previously made that the two cases[42] cited by the Receiver in his July 17, 2013 Motion for Summary Judgment do not deal with Wulf's unique factual situation, and instead of supporting the Receiver's position, they instead support Wulf's position.[43] Wulf does not provide any new or additional legal or factual support for his assertion. Instead, he simply cites to his June 10, 2014 motion for summary judgment, where he already argued against the two cases.[44] Wulf demands that the Receiver "remove his inaccurately stated and inapplicable citations to cases that have nothing to do with the factual matters presented in this proceeding, within 21 days."[45]

---

[41] Motion for Sanctions at 4–5, ¶ 10.

[42] *Perkins v. Haines,* 661 F.3d 623 (11th Cir. 2011), and *In re AFI Holding, Inc.,* 525 F.3d 700 (9th Cir. 2008).

[43] Motion for Sanctions at 4. *See also* Defendant's Response to Receiver's Motion for Summary Judgment, and defendant's Motion for Summary Judgment at 8–9, docket no. 49, filed May 29, 2014;  Defendant's Motion for Summary Judgment at 9–12, docket number 50, filed June 10, 2014.

[44] Motion for Sanctions at 3.

[45] *Id.* at 6.

Wulf is attempting to use Rule 11 as a vehicle to re-argue the merits of the Receiver's July 17, 2014 Motion for Summary Judgment and this Court's ruling[46] on the matter. Rule 11 should not be used as an alternative means for challenging a motion.[47] This Court has ruled that Wulf's contention regarding the two cases is without merit.[48] The Receiver's reading of the two cases is accurate and both support the Receiver's position.[49] Because Wulf's contentions go to the merits of the Receiver's summary judgment motion, and because he is wrong in his analysis, the Receiver has not violated Rule 11. His motion for sanctions is denied on this issue.

*Receiver's Request for Sanctions*

The Receiver requests, pursuant to Rule 11(c)(2), "an award of expenses, including attorney's fee, to the receivership, incurred in responding to this motion."[50] Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." The Receiver has prevailed on Wulf's Rule 11 motion. The circumstances of this motion warrant an award of reasonable expenses, including attorney's fees.

---

[46] Memorandum Decision and Order Granting [29] Receiver's Motion for Summary Judgment and [50] Denying Defendant's Motino for Summary Judgment ("Memorandum Decision and Order Granting [29] Receiver's Motion for Summary Judgment"), docket no. 62, filed February 2, 2015.

[47] The Advisory Committee Notes to Rule 11 (Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position. . . .").

[48] Memorandum Decision and Order Granting [29] Receiver's Motion for Summary Judgment at 14–17.

[49] *Id.* at 16.

[50] Opposition at 4.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Wulf's Motion for Sanctions[51] is DENIED. The Receiver's request for reasonable expenses incurred in responding to the Motion for Sanctions is GRANTED. Within fourteen days from the date of this Order, the Receiver may file a declaration and memorandum supporting the amount claimed. Within fourteen days thereafter, Wulf may file a response. Wulf's response shall be limited to an objection to the Receiver's reasonable expenses memorandum. The response shall not reargue the merits of this Memorandum Decision and Order.

Dated February 2, 2015.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[51] Docket no. 57.